11/30/23, 2:24 PM

Case 3:23-cv-01801-AN    Document 1-1    Filed 11/30/23    Page 1 of 12

publicaccess.courts.oregon.gov/PublicAccessLogin/CaseDetail.aspx?CaseID=34129763

Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case Records Refine Search  Back

Location : All Locations    Images Help

# REGISTER OF ACTIONS
## CASE NO. 23CV44189

| | | |
|---|---|---|
| **Adam Gregg vs Tequila Thurman, Carrie Hutchison, John Copic** | §<br>§<br>§<br>§<br>§ | Case Type: **Tort - General**<br>Date Filed: **10/25/2023**<br>Location: **Multnomah** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | **Copic, John** | |
| Defendant | **Hutchison, Carrie** | |
| Defendant | **Thurman, Tequila** | |
| Plaintiff | **Gregg, Adam** | **JESSE ALAN MERRITHEW**<br>*Retained*<br>971 229-1241(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/25/2023 | **Complaint**<br>*Negligence; Not Subject to Mandatory Arbitration*<br>Created: 10/25/2023 2:20 PM |
| 10/25/2023 | **Service** |

| | |
|---|---|
| Thurman, Tequila | Unserved |
| Hutchison, Carrie | Unserved |
| Copic, John | Unserved |
| Created: 10/25/2023 2:20 PM | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Gregg, Adam | | | |
| Total Financial Assessment | | | 884.00 |
| Total Payments and Credits | | | 884.00 |
| **Balance Due as of 11/30/2023** | | | **0.00** |
| 10/25/2023 | Transaction Assessment | | 884.00 |
| 10/25/2023 | xWeb Accessed eFile | Receipt # 2023-679386    Gregg, Adam | (884.00) |

0839
Central Precinct

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF MULTNOMAH

6    ADAM GREGG,                          Case No. 23CV44189

7              Plaintiff,                 SUMMONS TO CARRIE HUTCHISON

8        vs.

9    TEQUILA THURMAN, CARRIE
10   HUTCHISON, and JOHN COPIC,

11             Defendants.

12

13   TO: CARRIE HUTCHISON

14   IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend

15   the complaint filed against you in the above-entitled cause within 30 days from the date of

16   service of this summons on you. If you fail to appear and defend, the plaintiff will apply to the

17   court for the relief demanded in the complaint.

18              NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!

19   You must "appear" in this case or the other side will win automatically. To "appear" you must

20   file with the court a legal document called a "motion" or "answer." The "motion" or "answer"

21   must be given to the court clerk or administrator within 30 days along with the required filing

22   fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the

23   plaintiff does not have an attorney, proof of service on the plaintiff.

24   If you have questions, you should see an attorney immediately. If you need help in finding an

25   attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

SUMMONS TO CARRIE HUTCHISON - 1          **LEVI MERRITHEW HORST PC**
                                         610 SW ALDER ST., SUITE 415
                                         PORTLAND, OR 97205
                                         T: 971.229.1241 | F: 971.544.7092

**Exhibit 2**
**Page 1 of 2**

1  www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or

2  toll-free elsewhere in Oregon at (800) 452-7636.

3

4  DATED this 27th day of October, 2023.

5  LEVI MERRITHEW HORST PC

6

7  By: s/ Jesse Merrithew
   Jesse Merrithew, OSB #074564

8  Noah Horst, OSB #076089
   Attorneys for Adam Gregg

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SUMMONS TO CARRIE HUTCHISON - 2

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 2
Page 2 of 2

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                  FOR THE COUNTY OF MULTNOMAH

6
ADAM GREGG,                                | Case No. _____
7
                          Plaintiff,       |
8                                          | CIVIL RIGHTS COMPLAINT UNDER
        vs.                                | OREGON TORT CLAIMS ACT AND 28
9                                          | U.S.C. § 1983
TEQUILA THURMAN, CARRIE                    |
10   HUTCHISON, and JOHN COPIC,            | NOT SUBJECT TO MANDATORY
                                           | ARBITRATION
11                        Defendants.      |
                                           | Prayer: $5,500,000
12                                         | Filing Fee Authority: ORS § 21.160(1)(d)
13                                         |
                                           | JURY TRIAL DEMANDED
14

15         Plaintiff demands a jury trial and alleges:

16                            NATURE OF CASE

17         Plaintiff Adam Gregg served five and a half years in prison based on a lie. Portland

18   Police Officers Carrie Hutchison and Tequila Thurman conspired to manufacture evidence that

19   Gregg sold heroin leading to the overdose death of C.C.[1] In fact, both Thurman and Hutchison

20   knew that C.C. was alive, but they lied and claimed that he was dead. They wrote in their police

21   reports that he was dead and told Gregg that he was dead in order to gain Gregg's consent to

22   search his apartment. Deputy District Attorney John Copic repeated their lies to Gregg's lawyer

23   with embellishment as part of a successful campaign to convince Gregg to accept a severe prison

24   _____

25   [1] Throughout this complaint, other involved individuals will be referred to by their initials to
     protect their privacy.

COMPLAINT - 1

                                           LEVI MERRITHEW HORST PC
                                           610 SW ALDER ST., SUITE 415
                                           PORTLAND, OR  97205
                                           T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 1 of 9

1  sentence. The prison sentence Gregg accepted—80 months—was based entirely on the

2  Defendants' lies. Were it not for Defendants' lies, Gregg would not have received a prison

3  sentence at all. He files this lawsuit to obtain compensation for the five and a half years he spent

4  in prison believing he had killed a man all based on the Defendants' lies.

5                                                    PARTIES

6  1.       Plaintiff Adam Gregg is a resident of Multnomah County, Oregon.

7  2.       Defendant Tequila Thurman was, at the time of these events, a police officer

8  with the Portland Police Bureau, employed by the City of Portland.

9  3.       Defendant Carrie Hutchison was, at the time of these events, a police officer with

10  the Portland Police Bureau, employed by the City of Portland.

11  4.       Defendant John Copic was, at the time of these events, a deputy district attorney

12  with the Multnomah County District Attorney's Office. As a deputy district attorney, Copic was

   an employee of Multnomah County and an agent of the State of Oregon.

13                                          GENERAL ALLEGATIONS

14  5.       In the early morning hours of May 23, 2015, C.C. and two to four of his friends

15  used some heroin together.

16  6.       C.C. obtained the heroin from his roommate, D.R..

17  7.       C.C. was already noticeably intoxicated from alcohol at the time he ingested the

18  heroin.

19  8.       C.C. was alive and snoring loudly around 3:00 AM, over an hour after using the

20  heroin.

21  9.       C.C. has sleep apnea.

22  10.      Around 6:30 AM, approximately five hours after using the heroin, one of C.C.'s

23  friends noticed that C.C. had blood coming out of his nose and could not wake him. That friend

24  called 911.

25

COMPLAINT - 2

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 2 of 9

1    11.    Portland Police Officers Matthew Brown and Lloyd were the first to respond to
2  C.C.'s apartment.

3    12.    Officers Brown and Lloyd performed CPR on C.C. until paramedics arrived and
4  took over.

5    13.    Paramedics were able to get a pulse and transported C.C. to the hospital for
6  further treatment.

7    14.    The Portland Police Bureau's Drugs and Vice Division assigned Officers
8  Hutchison and Thurman to investigate.

9    15.    Thurman and Hutchison focused their investigation on "moving up the supply
10 chain" – attempting to determine who D.R. purchased the heroin from, and who they purchased
11 it from, and so on.

12    16.    Late in the morning of May 23, 2015, Thurman spoke with C.C.'s girlfriend,
13 C.S., who was at the hospital with C.C..

14    17.    C.S. told Thurman that C.C. was alive.

15    18.    On May 26, 2015, Thurman wrote a report about her conversation with C.S., but
16 did not include the fact that C.C. had survived the suspected overdose.

17    19.    On May 27, 2015, Hutchison authored a police report in which she wrote that
18 Thurman interviewed the "two individuals that were with [C.C.] the night before his death."

19    20.    At the time Hutchison wrote that report, she knew that C.C. was alive.

20    21.    On June 4, 2015, Thurman, Hutchison, and other members of PPB's Drugs and
21 Vice Division arrested Gregg for possession with intent to deliver heroin.

22    22.    Thurman and Hutchison told Gregg that he needed to cooperate in their
23 investigation because he supplied heroin that led to the overdose death of C.C..

24    23.    Thurman and Hutchison obtained Gregg's consent to search his apartment based
25 on this lie.

26    24.    Thurman and Hutchison found more heroin in Gregg's apartment.

COMPLAINT - 3

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 3 of 9

25.     Gregg agreed to cooperate and explain his source of heroin based on Thurman and Hutchison's lie that he supplied heroin that led to the death of C.C..

26.     On August 12, 2015, Gregg was arraigned in Multnomah County Circuit Court.

27.     The Deputy DA at arraignment argued for Gregg to be held without bail based on Thurman and Hutchison's lie that Gregg supplied heroin that led to the death of C.C..

28.     Deputy DA John Copic was assigned as the prosecutor for Gregg's case.

29.     On October 13, 2015, Copic sent Gregg's lawyer a "departure notice" which stated in part: "Mr. Gregg sold heroin that resulted in the death of [C.C.]."

30.     Copic repeatedly told Gregg's lawyer that if Gregg did not plead guilty and accept a long prison sentence, Copic would use his federal cross-deputization to prosecute Gregg in federal court for the death of C.C..

31.     In federal court, anyone in the chain of distribution of controlled substances where the controlled substances lead to the death of another person faces a mandatory minimum 20 years in federal prison and a maximum of life.

32.     Copic eventually made a plea offer of 80 months, writing, "I am sure that Mr. Gregg and his family would rather Mr. Gregg not go to prison for such a long period. I am also sure [C.C.]'s family would prefer [C.] was alive."

33.     Gregg accepted the offer, believing Copic's threat was genuine.

34.     Gregg was imprisoned from February 8, 2016 until June 3, 2021.

35.     In 2022, Gregg began to suspect that C.C. was alive when he started the process of applying for relief from his convictions under SB 819.

36.     On September 6, 2022, Gregg and the Multnomah County DA's office jointly petitioned the court to vacate and dismiss Gregg's conviction because it was obtained based on the false statement that C.C. had died.

37.     The Court granted the motion, dismissing the case on September 8, 2022.

COMPLAINT - 4

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 4 of 9

1      38.    Gregg sent timely notices of claim under the Oregon Tort Claims Act to the City

2  of Portland, Multnomah County, and State of Oregon.

3  

**FIRST CLAIM FOR RELIEF**
**(Malicious Prosecution Under Oregon Tort Claims Act)**

4  **(Against Defendants Thurman and Hutchison)**

5      39.    As alleged above, Defendants Thurman and Hutchison initiated the criminal

6  prosecution of Gregg.

7      40.    Defendants Thurman and Hutchison fabricated evidence to suggest that Gregg

8  caused the death of C.C.. There was no probable cause to believe that Gregg caused the death

9  of C.C. because C.C. was alive.

10      41.    Defendants Thurman and Hutchison acted with malice.

11      42.    Gregg spent five and a half years in prison as a direct result of the Defendants'

12  unlawful conduct.

13      43.    The prosecution against Gregg terminated in his favor when the Circuit Court

14  dismissed the case on September 8, 2022.

15  

**SECOND CLAIM FOR RELIEF**
**(Abuse of Process Under Oregon Tort Claims Act)**

16  **(Against Defendants Thurman and Hutchison)**

17      44.    As alleged above, Defendants Thurman and Hutchison acted with an ulterior

18  purpose when they fabricated evidence against Gregg: they sought to have him punished for a

19  crime he did not commit, the death of C.C..

20      45.    The Defendants acts of fabricating evidence were willful and improper.

21      46.    As a result of Defendants' conduct, Gregg spent five and a half years in prison.

22  

**THIRD CLAIM FOR RELIEF**
**(Trespass Under Oregon Tort Claims Act)**

23  **(Against Defendants Thurman and Hutchison)**

24      47.    As alleged above, Defendants Thurman and Hutchison unlawfully and

25  intentionally entered Gregg's apartment on June 4, 2015.

COMPLAINT - 5

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 5 of 9

48.    The entry into Gregg's apartment was unlawful because there was no valid consent—the Defendants lied in order to gain his consent.

49.    As a direct result of this unlawful entry, Gregg was arrested and prosecuted.

### FOURTH CLAIM FOR RELIEF
### (Negligence Under Oregon Tort Claims Act)
### (Against Defendant Copic)

50.    Defendant Copic was acting within his investigative capacity when he considered whether to charge Gregg with the "death" of C.C..

51.    Copic had a duty of reasonable care in making threats of prosecution for uncharged conduct.

52.    Copic violated that duty of reasonable care by failing to question whether the statements made by Thurman and Hutchison were true before using them as the basis for threatening Gregg.

53.    Even if Copic believed the statements of Thurman and Hutchison that C.C. was in fact dead, there was insufficient information, based on the information above, to believe that C.C. died from a drug overdose from heroin as opposed to any other potential cause of death.

54.    Copic's statement that C.C.'s family was more upset by C.C.'s "death" than Gregg's family was by his imprisonment was a complete fabrication in reckless disregard for the truth.

55.    Copic's reckless threats based on insufficient information were a proximate cause of Gregg's imprisonment for five and a half years.

### FIFTH CLAIM FOR RELIEF
### (Malicious Prosecution – 42 U.S.C. § 1983)
### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)
### (Against Defendants Thurman and Hutchison)

56.    As alleged above, Defendants Thurman and Hutchison initiated the criminal prosecution of Gregg.

57.    Defendants Thurman and Hutchison were acting under color of state law.

COMPLAINT - 6

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 6 of 9

58.    Defendants Thurman and Hutchison fabricated evidence to suggest that Gregg caused the death of C.C.. There was no probable cause to believe that Gregg caused the death of C.C. because C.C. was alive.

59.    Defendants Thurman and Hutchison acted with malice and the specific purpose that Gregg would be imprisoned for a crime he did not commit in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights.

60.    Gregg spent five and a half years in prison as a direct result of the Defendants' unlawful conduct. This constituted:

    a.    An unreasonable seizure in violation of the Fourth Amendment;

    b.    A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

    c.    Cruel and unusual punishment in violation of the Eighth Amendment.

61.    The prosecution against Gregg terminated in his favor when the circuit court dismissed the case on September 8, 2022.

### SIXTH CLAIM FOR RELIEF
#### (Abuse of Process – 42 U.S.C. § 1983)
#### (Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)
#### (Against Defendants Thurman and Hutchison)

62.    As alleged above, Defendants Thurman and Hutchison acted with an ulterior purpose when they fabricated evidence against Gregg: they sought to have him punished for a crime he did not commit, the death of C.C..

63.    Defendants Thurman and Hutchison were acting under color of state law.

64.    The Defendants acts of fabricating evidence were willful and improper.

65.    As a result of Defendants' conduct, Gregg spent five and a half years in prison. This constituted:

    a.    An unreasonable seizure in violation of the Fourth Amendment;

COMPLAINT - 7

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092
Exhibit 3
Page 7 of 9

b.   A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

c.   Cruel and unusual punishment in violation of the Eighth Amendment.

**SEVENTH CLAIM FOR RELIEF**
**(Fabrication of Evidence – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Defendants Thurman and Hutchison)**

66.    As alleged above, Defendants Thurman and Hutchinson fabricated evidence when they wrote in their reports that C.C. was "dead" or "deceased".

67.    Defendants Thurman and Hutchison were acting under color of state law.

68.    As a result of Defendants' conduct, Gregg spent five and a half years in prison. This constituted:

a.   An unreasonable seizure in violation of the Fourth Amendment;

b.   A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

c.   Cruel and unusual punishment in violation of the Eighth Amendment.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to Disclose Exculpatory Evidence – 42 U.S.C. § 1983)**
**(Violation of Fourth, Fifth, Eighth, and Fourteenth Amendments)**
**(Against Defendants Thurman and Hutchison)**

69.    As alleged above, Defendants Thurman and Hutchinson failed to disclose material exculpatory evidence when they failed to inform the prosecutor that C.C. was alive.

70.    Defendants Thurman and Hutchison were acting under color of state law.

71.    As a result of Defendants' conduct, Gregg spent five and a half years in prison. This constituted:

a.   An unreasonable seizure in violation of the Fourth Amendment;

b.   A violation of his right to Due Process in violation of the Fifth and Fourteenth Amendments;

COMPLAINT - 8

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 8 of 9

1    c. Cruel and unusual punishment in violation of the Eighth Amendment.

2

3 WHEREFORE, plaintiff demands judgment against defendant for damages in the sum of

4 $5,500,000 for plaintiff's claims for relief, an award of attorney fees under 28 U.S.C. § 1988,

5 and for costs and disbursements incurred.

6    DATED this 25th day of October, 2023.

7

8            LEVI MERRITHEW HORST PC

9

          By: s/ Jesse Merrithew

10           Jesse Merrithew, OSB #074564
           Noah Horst, OSB #076089

11           Attorneys for Adam Gregg

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT - 9

LEVI MERRITHEW HORST PC
610 SW ALDER ST., SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

Exhibit 3
Page 9 of 9