**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Noah Horst**, OSB No. 076089
Email: noah@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ADAM GREGG,** | Case No.  3:23-cv-01801-AN |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES** |
| **TEQUILA THURMAN, CARRIE HUTCHISON, and JOHN COPIC,** | |
| Defendants. | |

Defendants Thurman and Hutchison ("City Defendants" or "City") offer two rationales for why the long-standing rule of unanimity does not apply to this case. Both are directly contradicted by black letter law. First, the City argues that their interpretation of 28 U.S.C. § 1441(c) was adopted by Magistrate Judge Acosta as a "minority view" of the meaning of the statute. *See Perket v. Keck*, 2021 U.S. Dist. LEXIS 177396 (D. Or. Aug. 3, 2021). That argument is rebutted by simply reading Judge Acosta's opinion in *Perket*. He wrote nothing of the sort. Second, the City claims for the first time in their response that removal is proper because this Court does not have supplemental jurisdiction over Plaintiff's claim against Copic because

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 1
(Case No. 3:23-cv-01801-AN)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

Copic, sued in his individual capacity, has sovereign immunity from suit in federal court. That argument is directly rebutted by the Ninth Circuit's holding in *Ashker v. California Dep't of Corrections*, 112 F.3d 392 (9th Cir. 1997). Even if it were not, the removal was still procedurally defective because that basis for removal is not alleged in the removal petition as required by *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

The City's second argument is also further evidence of the necessity of an award of attorney fees in this case. Engaging in a continually shifting post-hoc justification for a removal that is plainly improper is not reasonable and must be deterred. This Court should interpret the City's opposition for what it is: a desperate and unlawful attempt by the City of Portland to avoid facing a jury drawn from the City of Portland.

I.   **28 U.S.C. § 1441(c) Means What It Says**

In response to Plaintiff's motion, wherein he pointed out that City Defendants were relying on a single case out of the Middle District of Florida in the face of a solid wall of cases from this circuit and around the country, City Defendants cite only two more cases that they claim support their argument. Neither does.

First, the City cites *Kovalev v. Callahan Ward 12th St. LLC*, 548 F. Supp. 3d 498 (E.D. Pa. 2021), for the proposition that there is a "minority approach" which is consistent with their reading of the statute. The City neglects to mention that the district court in *Kovalev* rejected this "minority approach" and followed the overwhelming majority of district courts who have held that the statute means what it says. 548 F. Supp. 3d at 504. The district court, in rejecting the interpretation which had been adopted by another judge from within the same district wrote that: "Only two cases—including *Moore*—have adopted the minority position. Neither case is persuasive because they do not consider the alternative interpretation, much less rebut it. Indeed,

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 2
(Case No. 3:23-cv-01801-AN)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

the relevant language in § 1441(c) became law in December 2011, and *Moore* and *Estate of Wines by Wines* were both issued very soon thereafter in 2012. Since that inaugural year, no court has adopted that approach." *Id*. at 503 (citations omitted). Referring to a position adopted by exactly two judges who did not consider the alternative position as a "minority approach" is generous to say the least. It would be more accurate to describe them as anomalies.

But wait, the City also cites an opinion written by Judge Acosta from this district, *Perket*. According to the City, Judge Acosta adopted the "minority approach" and Judge Immergut adopted his Findings and Recommendations. Unfortunately for the City, if one actually reads Judge Acosta's opinion in *Perket*, he makes no reference to these competing interpretations of § 1441(c). The City is correct that he does, in passing, state that the consent of a defendant against whom no federal claim is made is not required, but that is not the basis for his opinion. 2021 U.S. Dist. LEXIS 177396, at *10.

Perket was injured in an auto collision by a person named Keck and was subsequently fired by her employer, Haven. *Id*. at *1. She brought a personal injury action against Keck, filed together with federal employment discrimination claims against Haven. *Id*. Haven removed the case to federal court but did not first obtain the consent of Keck. *Id*. at *3-4. Keck later joined in the request for removal. *Id*. at *4. Judge Acosta ultimately concluded that the claims against the two defendants were improperly joined and therefore the court did not have supplemental jurisdiction over the claims against Keck. *Id.* at *15-16. He therefore followed the procedure outlined in § 1441(c), severing the personal injury claims from the federal employment claims. *Id*. at *18.[1] Judge Acosta's discussion of the severance procedures in the statute demonstrates

---

[1] In a twist, the court also kept jurisdiction of the now-severed personal injury claim based on Keck's invocation of diversity jurisdiction.

| | |
|---|---|
| PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 3 (Case No. 3:23-cv-01801-AN) | LEVI MERRITHEW HORST PC<br>610 SW ALDER ST. SUITE 415<br>PORTLAND, OR 97205<br>T: 971.229.1241 \| F: 971.544.7092 |

that he understood the statue to mean exactly what Plaintiff and every other district court (save two) to read the statute has concluded, despite the earlier passing references to consent. "The legislature proposed and passed the FJVCA of 2011 amending 28 U.S.C. § 1441 in light of circumstances where federal courts construed removal strictly and remanded entire cases made up of federal and state law claims, 'thereby defeating access to federal court.' Now, when a federal question claim is joined with *related and unrelated* state law claim(s), and the federal question and *related* claims are removed to district court, the court may sever all claims not within the court's original *or supplemental* jurisdiction." *Id*. at *18-19 (emphasis added, citation omitted).

Judge Acosta also cites *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019) in this discussion. This citation is to Justice Alito's dissenting opinion. While the ultimate disagreement in that opinion is not relevant to this case, Justice Alito's discussion of the legislative history of § 1441(c) further demonstrates that the meaning of this statute is crystal clear. "Another subsection of § 1441 addresses removal of a subset of claims (not an entire action) when a case involves some claims that would be removable because they arise under federal law and others that would not (because they involve state-law claims falling outside both the original *and* the supplemental jurisdiction of federal courts). In these hybrid cases, § 1441(c)(2) allows the federal claims to be removed while the state-law claims are severed and sent back to state court." 139 S. Ct. at 1753 (emphasis in original).

In sum, City Defendants are still relying on a couple district courts, not within this circuit, to support an argument that is contrary to the plain meaning of the statute. None of those district courts considered the interpretation adopted by the overwhelming majority of district courts in this country and every district court in this circuit. These are anomaly opinions issued in the

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 4 (Case No. 3:23-cv-01801-AN)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

immediate wake of the passage of the statute, with pro se plaintiffs and low stakes. They are mistakes, pure and simple.

## II.   This Court Has Supplemental Jurisdiction Over Plaintiff's Claim Against Copic

Faced with this reality, the City Defendants have come up with yet another excuse to justify the removal. They now claim, for the first time, that this Court lacks supplemental jurisdiction over Copic. City Defendants do not claim that this Court lacks supplemental jurisdiction over Plaintiff's claim against Copic because the claim against Copic is unrelated to the claims against the City Defendants. Instead, City Defendants argue that this Court lacks supplemental jurisdiction over that claim because Copic has Eleventh Amendment sovereign immunity from suit in federal court. He does not. As the Supreme Court explained in *Hafer v. Melo*, 502 U.S. 21 (1991), and the Ninth Circuit explained in *Ashker*, sovereign immunity does not protect individual state actors who are sued in their individual capacity. Indeed, in the principle case relied upon by the City Defendants to make their argument, *Kleinman v. Multnomah County*, 2004 U.S. Dist. LEXIS 21466 (D. Or. Oct. 15, 2004), Judge King explicitly agreed that the Eleventh Amendment did not protect District Attorney Mike Schrunk from a claim against him in his individual capacity. *Id*. at *16. Judge King allowed those claims to go forward. *Id*. at *23.

It makes no difference that the claims against Copic are based in state law for the Eleventh Amendment analysis. Congress did not abrogate the Eleventh Amendment when it passed section 1983. *Hafer*, 502 U.S. at 30. Therefore, if City Defendants were correct, Plaintiff would be as unable to bring section 1983 claims against Copic as he is unable to bring state law claims. *Hafer* squarely holds that the Eleventh Amendment is not a barrier. *Id*. at 31. The Ninth Circuit explained this application to state law claims in *Ashker*. It held that the Eleventh

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 5
(Case No. 3:23-cv-01801-AN)

Levi Merrithew Horst PC
610 SW Alder St. Suite 415
Portland, OR 97205
T: 971.229.1241 | F: 971.544.7092

Amendment did not prevent a state prisoner from suing state officials for damages under state tort law. 112 F.3d at 395.

The only other case cited by City Defendants which involved individual state officials, as opposed to actual state agencies, is *Obataiye-Allah v. Prins*, 2021 U.S. Dist. LEXIS 171738 (D. Or. July 26, 2021). The court there granted the state sovereign immunity, but not before substituting the state as the defendant in place of the individually named defendants under Or. Rev. Stat. § 30.265(3). *Id*. at *8-9. The court noted that the damages pled did not exceed the cap on damages contained in the Oregon Tort Claims Act. *Id*. This is an important point because, when a plaintiff alleges damages that do not exceed that cap, the public body that the defendant works for can be substituted as the named defendant. *See* Or. Rev. Stat. § 30.265(3). However, where the plaintiff alleges damages in excess of the cap, "the action may be brought and maintained against an officer, employee or agent of a public body, whether or not the public body is also named as a defendant." Or. Rev. Stat. § 30.265(4). That is the situation we have in this case. Damages alleged exceed the cap, and this action can be maintained against Copic in his individual capacity.

In this situation, the statutory scheme precisely mirrors the state liability scheme in California, and *Ashker* controls the outcome. Similarly, in Washington, where this substitution procedure is unavailable, the district court has repeatedly held that state tort claims against state officials are not barred by the Eleventh Amendment. *See, e.g., Bergen v. Wash. State Patrol*, 2006 U.S. Dist. LEXIS 1142, *6 (W.D. Wash. Jan. 3, 2006) ("The Eleventh Amendment does not bar federal or pendent state law claims against a state official acting personally."); *Chang v. Vanderwielen*, 2022 U.S. Dist. LEXIS 129677, *12 n.4 (W.D. Wash. July 21, 2022) (same).

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT
AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 6
(Case No. 3:23-cv-01801-AN)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

### III. The City's New Basis For Removal Was Not Alleged In The Petition

Access to the federal courts is not a matter of right. Jurisdiction is limited and pleading standards are strict. Defendants who seek federal jurisdiction via removal must meet strict requirements: they must file a removal petition within 30 days of service and must allege in that petition the basis for removal. 28 U.S.C. § 1446(a). The removal petition itself is held to the same pleading standard laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Leite*, 749 F.3d at 1121.

City Defendants first filed a removal petition on November 30, 2021. Dkt. No. 1. That petition alleged, as a basis for removal, that Copic's consent was not required because he had not been served. *Id*. That was incorrect. He had been served. When Plaintiff pointed this out, rather than concede that the case must be remanded, City Defendants filed an amended petition, alleging that Copic's consent was not required because "the claims against Defendant Copic are not federal claims as described in paragraph (1)(A) of the statute." Dkt. No. 4, at 3. Nowhere in that petition do the City Defendants allege what they now claim in their response to the motion to remand: that Copic's consent is not required because this Court lacks supplemental jurisdiction over the claim against Copic because Copic has sovereign immunity. The failure to make this allegation standing alone is a sufficient basis to grant the motion to remand. *Leite*, 749 F.3d at 1122. "[A] defendant seeking to remove an action … must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Id*. The removal petition is procedurally defective even if City Defendants legal argument was correct, which it is not.

### IV. An Award Of Attorney Fees Is Required

City Defendants' ever-changing justification is more evidence of why an award of attorney fees is required in this case. There is no "minority view" that they are reasonably asking

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 7
(Case No. 3:23-cv-01801-AN)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

this Court to adopt. They are attempting to obfuscate the plain meaning of the statute. Their analysis of the caselaw is not based on a reasonable reading but wishful thinking. This is precisely the type of circumstance where the Supreme Court and the Ninth Circuit have held that an award of fees is appropriate.

**DATED** this 18th day of January, 2024.

By:   /s Jesse Merrithew
**Jesse Merrithew**, OSB No. 074564
**Of Attorneys for Plaintiff**

PLAINTIFF'S REPLY ON MOTION TO REMAND TO STATE COURT AND REQUEST FOR AN ORDER AWARDING ATTORNEY FEES - 8
(Case No. 3:23-cv-01801-AN)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092