IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADAM GREGG,<br><br>   Plaintiff,<br> v.<br><br>TEQUILA THURMAN, CARRIE HUTCHISON, and JOHN COPIC,<br><br>   Defendants. | Case No.: 3:23-cv-01801-AN<br><br>OPINION AND ORDER |

   Plaintiff Adam Gregg brings this action against defendants Tequila Thurman and Carrie Hutchison ("City Defendants"), alleging claims under 42 U.S.C. § 1983, and against defendant John Copic ("Copic"), alleging negligence under the Oregon Torts Claims Act ("OTCA"). Notice of Removal, ECF [1], Ex. 1 ("Compl."). Plaintiff filed this Motion to Remand, ECF [11], alleging that City Defendants' removal was improper. After reviewing the parties' pleadings, the Court finds that oral argument will not help resolve this matter. Local R. 7-1(d). For the reasons stated herein, plaintiff's motion is GRANTED.

## LEGAL STANDARD

   A court will remand a removed action if the removal was procedurally defective. 28 U.S.C. § 1447(c). "[V]iolation of the unanimity rule" is one such defect. *Alt. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, 621 F.3d 931, 938 (9th Cir. 2010). Announced by the Supreme Court over a century ago, the rule of unanimity requires that all defendants in a state court action consent to removal. *See Chi., Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1200 (9th Cir. 1988). In 2011, Congress codified the requirement, providing that: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

1

"[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Id.*

## BACKGROUND

On November 30, 2023, City Defendants removed this case from Multnomah County Circuit Court to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c), and 1446(a). Notice of Removal 2. City Defendants did not obtain consent from defendant Copic because the state repository record indicated he had not yet been served. City Defs.' Resp. to Mot. to Remand ("City Defs.' Resp."), ECF [13], at 2-3. Shortly after City Defendants notified the state court of removal, however, Copic's attorney filed a notice of appearance and an answer in state court. *Id.* at 3. City Defendants contacted Copic, inquiring whether he would consent to removal. *Id.* Copic notified City Defendants that he would not consent to removal. *Id.*

On December 5, 2023, City Defendants filed an Amended Notice of Removal, ECF [4], pursuant to 28 U.S.C. §§ 1441(a) and (c), and 1446(a). *Id.* In that notice, City Defendants alleged that "consent is not required to remove pursuant to 28 U.S.C. § 1441(c) as the claims against [d]efendant Copic are not federal claims." *Id.* Plaintiff now moves to remand this action to state court and requests attorney's fees.

## DISCUSSION

**A.     Improper Removal**

While the parties do not dispute that Copic did not and will not consent to removal, City Defendants allege that they were not bound by the rule of unanimity because they removed the state court action under 28 U.S.C. § 1441(c). Section 1441(c) provides:

> "(1) If a civil action includes—
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. §] 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court . . .

2

>the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)."

City Defendants attempt to advance the argument that, under a so-called minority-approach not adopted by the Ninth Circuit, the absence of federal claims against the non-consenting defendant allows for proper removal under § 1441(c).  *See* City Defs.' Resp. 4 (citing *Kovalev v. Callahan Ward 12th St. LLC*, 548 F. Supp. 3d 498, 502 (E.D. Pa. 2021) ("Under the minority approach, there is only one requirement for removal: the non-consenting defendant must not have any federal law claims lodged against it[.]").

City Defendants allege that they relied on the minority approach because Magistrate Judge Acosta's Findings and Recommendation issued in *Perket v. Keck*, No. 3:21-cv-00251-AC, 2021 WL 4237144 (D. Or. Aug. 3, 2021), *report and recommendation adopted*, No. 3:21-cv-00251, 2021 WL 4226049 (D. Or. Sept. 15, 2021) indicated approval of that approach.  In *Perket*, the plaintiff was injured in an auto collision by a person named Keck and was subsequently fired by her employer, Haven.  *Id.* at *1.  The plaintiff brought a personal injury action against Keck filed together with federal employment discrimination claims against Haven.  *Id.*  Haven removed the case to federal court without first obtaining Keck's consent.  *Id.* at *3-4.  Keck later joined in the request for removal.  *Id.* at *4.  Judge Acosta ultimately concluded that the claims against the two defendants were improperly joined, and, therefore, the court did not have supplemental jurisdiction over the claims against Keck.  *Id.* at *15-16.  As a result, Judge Acosta followed the procedure outlined in § 1441(c), severing the personal injury claims from the federal employment claims.  *Id.* at *18.

City Defendants argue that this statement by Judge Acosta evidences his intent to follow the minority approach:

>"When federal law claims and state law claims have been joined and a defendant named in the federal claim seeks to remove, '[o]nly defendants against whom' federal law claims are asserted need consent, and the state law claim may be severed."

*Id.* at *5 (citing 28 U.S.C. § 1441(c)(2)).  City Defendants are misguided.  Judge Acosta was not adopting the minority approach.  Indeed, his Findings and Recommendation never mention caselaw applying the "minority approach."  Instead, Judge Acosta's opinion clearly applied the plain language of § 1441(c), which

3

permitted severance of the personal injury claim because it was not within the original or supplemental jurisdiction of the court. As a result, Judge Acosta correctly found, pursuant to § 1441(c), that consent from the defendant without federal claims was not required.

Applying § 1441(c) to the present case, if the Court lacks supplemental jurisdiction over the claim against Copic, then City Defendants were not required to obtain consent and properly removed the case to this Court. City Defendants argue the Court lacks supplemental jurisdiction over the claim against Copic because Copic is entitled to Eleventh Amendment immunity. City Defs.' Resp. 6. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). This Eleventh Amendment immunity extends to state law claims over which a federal court could exercise supplemental jurisdiction. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). However, the Eleventh Amendment does not bar federal or pendent state claims brought against a state official in his personal capacity. *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394-95 (9th Cir. 1997).

Whether a suit is brought against a state officer in their "personal capacity" or "official capacity" depends on "the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." *Id.* at 395 (citing *Hafer v. Melo*, 502 U.S. 21, 26 (1991)). Plaintiff brings a negligence claim under the OTCA against Copic. Compl. ¶¶ 50-55. The sole cause of action under Oregon law for any tort committed by ODOC officers or employees acting within the scope of their employment or duties, as alleged here, is an action against ODOC under the OTCA. Or. Rev. Stat. § 30.265(1)-(2). While ODOC is an arm of the State and is immune from suit in federal court for supplemental state-law claims, *see Eaton v. Two Rivers Corr. Inst. Grievance Coordinator Enyon*, No. 2:20-cv-1251-SI, 2020 WL 7364975, at *6 (D. Or. Dec. 15, 2020), the OTCA allows "an officer, employee, or agent of a public body" to be held personally liable "when the requested prayer for relief exceeds the damages cap allowed under ORS 30.271, 30.272, or 30.273." *Kramer v. S. Or. Univ.*, No. 1:13-cv-00340-CL, 2013 WL 4782154, at *6 (D. Or. Sept. 5, 2013); Or. Rev. Stat. § 30.265(3)-(4).

While plaintiff's complaint does not explicitly state he is suing Copic in his personal

4

capacity, nothing prevents him from doing so. Indeed, plaintiff's alleged damages of $5,500,000 exceed the damages cap. Or. Rev. Stat. § 30.272(2)(g), (4); *see Tort Claims Table of Liability Limits*, OR. JUD. DEP'T., https://www.courts.oregon.gov/Documents/Table-of-Liability-Limits.pdf (last visited June 20, 2024) (damages cap for a single claimant against the state for personal injury causes of action arising on or after July 1, 2023 and before July 1, 2024 is $2,565,400).

Because plaintiff may maintain a personal capacity suit against Copic, Copic cannot invoke Eleventh Amendment immunity. As such, the Court retains supplemental jurisdiction over the claim asserted against Copic. Consequently, City Defendants cannot remove this action under § 1441(c) without following the unanimity rule provided in 28 U.S.C. § 1446(b)(2)(A).

**B.     Attorney's Fees**

Absent unusual circumstances, a court may award costs and attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). However, the degree of clarity in the relevant law at the time of removal is a relevant factor in determining whether a defendant's decision to remove was reasonable. *Grancare, LLC v. Thrower by & though Mills*, 889 F.3d 543, 552 (9th Cir. 2018).

Plaintiff argues that City Defendants' removal was objectively unreasonable in light of the plain language of the statute and relevant caselaw. Plaintiff provided City Defendants with *Ettlin v. Harris*, No. 13-1515-DOC, 2013 WL 6178986 (C.D. Cal. Nov. 22, 2013), a case out of the Central District of California, the day after they provided their Amended Notice of Removal. *Ettlin* provides an extensive discussion of removal under § 1441(c) and notes that every federal court has come to the same conclusion: when the court has supplemental or original jurisdiction over an action, the exception to the unanimity rule in § 1441(c) does not apply. 2013 WL 6178986, at *4 (collecting cases). City Defendants, however, argue that removal was objectively reasonable because the court in *Perket* indicated approval of the minority

5

approach, and *Ettlin* did not involve a state defendant immune from prosecution in federal court. The Court agrees with plaintiff. As discussed in the prior section, *Perket* does not indicate approval of the minority approach, and considering the facts of this case compared to *Perket*, City Defendants' reliance was unreasonable. Moreover, despite the fact that *Ettlin* did not involve Eleventh Amendment immunity, it is well settled that such immunity does not apply to state officials sued in their personal capacity. In light of the plain language of the statute and abundance of caselaw, the Court finds City Defendants' removal objectively unreasonable.

## CONCLUSION

Accordingly, plaintiff's Motion to Remand, ECF [11], is GRANTED. The Court respectfully directs the Clerk of Court to remand this case to Multnomah County Circuit Court. The Court will award costs and attorney's fees. Plaintiff is directed to submit affidavits or declarations to support such an award by July 5, 2024. City Defendants' Motion to Dismiss for Failure to State a Claim, ECF [15], is DENIED as moot.

IT IS SO ORDERED.

DATED this 21st day of June, 2024.

Adrienne Nelson
United States District Judge